United States District Court
Southern District of Texas
**ENTERED**
October 15, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JOJARLI ARVELO PARRA, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-08922 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| TODD BLANCHE, *et al*, Respondents. | § | |
| | § | |

## ORDER ON DISMISSAL

Petitioner Jojarli Arvelo Parra filed a petition for writ of *habeas corpus* under 28 USC §2241 on October 9, 2026. Dkt 1. She seeks an injunction prohibiting Respondents from deporting her or otherwise removing her from this jurisdiction. Id at 6–7.

Petitioner states no allegations suggesting that she entered the United States with permission or is otherwise lawfully admitted. She contends that she was previously released on parole. Id at 3. She also notes two pending applications under Form I-589 and Form I-130. Id at 4. She states that she filed a motion to reopen and reconsider her removal proceedings in the immigration court, which she says was granted. Id at 2–3.

A show-cause order isn't invariably required in every case. To the contrary, the Fifth Circuit holds:

> The district court has the power under Rule 4 [of the Rules Governing Section 2254 Cases] to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the

> burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v Johnson*, 163 F3d 326, 328 (5th Cir 1999), quoting 28 USC foll §2254 Rule 4 Advisory Committee notes. See also Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to *habeas* petitions not covered by Rule 1(a), including §2241 petitions). The Supreme Court further observes, "Habeas corpus petitions must meet heightened pleading requirements." *McFarland v Scott*, 512 US 849, 856 (1994), citing Rule 2(c), Rules Governing Section 2254 Cases.

To that end, Rule 2(c)(2) requires a *habeas* petition to "state the facts supporting each ground" for relief. A petition that fails to allege sufficient facts in violation of this rule is subject to summary dismissal under Rule 4. *McFarland*, 512 US at 856. To satisfy Rule 2(c)(2), the petition must "set out specific, substantive facts that enable the Court to determine that there is a real possibility that constitutional error has been committed." *Taylor v Maggio*, 581 F Supp 359, 363 (ED La 1984) (citation omitted). "[M]ere naked charges without some rational basis in supportive fact are not enough." Ibid. And further, "conclusory allegations are insufficient to state a viable claim for habeas relief." *Diaz v Kopp*, 146 F4th 301, 308 (2d Cir 2025), citing Rules 2(c)(2) and 4, Rules Governing Section 2254 Cases.

The current petition doesn't meet this standard. Petitioner fails to identify a basis which renders her detention unlawful. For example, while the petition states that Respondents are "refusing to follow the law," it doesn't identify the subject law or its putative violation. Dkt 1 at 4. And while it asserts that Petitioner "is being unjustly held," it doesn't allege specific details about her own situation. Id at 6. It also bears mention, as noted above, that the petition in the main seeks an injunction against *removal* in her immigration proceedings, which is a matter quite separate from proceedings in this context concerning the lawfulness of her *detention*. See id at 3, 6.

Petitioner's failure to assert a claim that her current detention is unlawful violates Rule 2(c)(2) and renders her petition subject to summary dismissal under Rule 4. Her petition will thus be dismissed without prejudice as facially insufficient.

* * *

The petition for writ of *habeas corpus* by Petitioner Jojarli Arvelo Parra is DISMISSED WITHOUT PREJUDICE. Dkt 1.

Petitioner is ADVISED that she may file a motion for reconsideration or a later petition, either of which must allege additional facts and include supporting documents sufficient to suggest that her current detention isn't authorized by applicable law.

This is a FINAL JUDGMENT.

It is ORDERED that the Clerk will email this order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

SO ORDERED.

Signed on October 15, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge